IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DERRICK PARKS,**                                )
                                                  )
                           Petitioner,            )
                                                  )
V.                                                )            Civil No. **02-346-MJR**
                                                  )
**EUGENE MCADORY,**                               )
                                                  )
                           Respondent.            )

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner Derrick Parks is currently incarcerated at Menard Correctional Center, having been sentenced to imprisonment for "natural life" for the 1991 murders of Mysty Walton and Ann Walton, and imprisonment for 30 years for a related charge of home invasion. **(*See* Doc. 12, Exhibit A, *People v. Parks*, No. 5-93-0612 (Ill.App. 5th Dist. Nov. 13, 1996).** Petitioner Parks, proceeding pro se, is before the Court seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. **(Doc. 1).** Petitioner Parks premises his petition on three alleged errors:

1.  The trial Court's failure to grant a mistrial after prosecution witness Krysty Walton threw a wooden pointer at Parks while testifying at trial;

2.  The State's failure to inform Parks' defense counsel of the prior felony conviction of prosecution witness Grayson Smith, despite a discovery request; and

3.  Post-conviction counsel's failure to provide effective assistance of counsel by failing to secure the testimony of, or an affidavit from "potentially exculpatory witness Stanly [sic] Brooks," who would have stated that he did not see Parks among the several men he witnessed leaving the crime scene.

**(*See* Doc. 1, p. 6).**

Respondent Eugene McAdory contends that petitioner Parks has procedurally defaulted the first two issues, regarding the denial of a mistrial and the failure to disclose witness Smith's

1

criminal record.  In addition, respondent argues that no constitutional violation is alleged relative to the failure to reveal Smith's criminal record.  With respect to the third issue, respondent asserts that, pursuant to 28 U.S.C. § 2254(i), ineffective assistance of counsel during post-conviction proceedings is not a cognizable ground for relief.  **(*See* Doc. 12).**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

### Relevant Procedural History

Following his jury trial, conviction and sentencing, petitioner Parks filed a direct appeal. Parks challenged Judge Michael O'Malley's failure to grant a mistrial after prosecution witness Krysty Walton threw a wooden pointer at Parks while testifying at trial, and the State's failure to inform Parks' defense counsel of the prior felony conviction of prosecution witness Grayson Smith, despite a discovery request– the first two issues raised in the subject petition.  **(*See* Doc. 12, Exhibit A).**  Parks' arguments were rejected and his conviction and sentence affirmed. **(*See* Doc. 12, Exhibit A).**  Parks admittedly did not pursue his appeal to the Illinois Supreme Court for over six years. **(Doc. 1, p. 3).**  However, while this habeas petition has been pending, the Illinois Supreme Court denied Parks' motion for leave to file his petition for leave to appeal. **(Doc. 12, Exhibit C).**

Parks, represented by new court-appointed counsel, filed a post-conviction petition in which he alleged ineffective assistance of trial and appellate counsel.  **(Doc. 12, Exhibit E).**  The failure to cross-examine Grayson Smith regarding his prior conviction at trial, and the failure to call Stanley Brooks as a witness were listed among trial counsel's alleged errors.  **(*See* Doc. 12, Exhibit E, ¶¶ 4(E) and 4(P)).**  The trial court denied the post-conviction petition without

2

elaboration.  **(Doc. 12, Exhibit F).**  Petitioner appealed the denial of his post-conviction petition, adding an allegation that post-conviction counsel was ineffective in failing to attach Stanley Brooks' affidavit to the petition and for not calling Brooks to testify at the hearing.  **(Doc. 12, Exhibit G).**  The appeal was unsuccessful. **(Doc. 12, Exhibit H).**  The appellate court noted that there is no federal constitutional right to post-conviction counsel and, in any event, the failure to include Brooks' affidavit was overlooked by the trial court; and trial counsel testified that not calling Brooks as a witness was a strategic decision, motivated by the fact that petitioner Parks' statement to police acknowledging that he had been at the crime scene had not been suppressed. **(Doc. 12, Exhibit H, pp. 6-7).**  The appellate court did not discuss Grayson Smith.  Parks' petition for leave to appeal the denial of his post-conviction petition to the Illinois Supreme Court was denied.  **(Doc. 12, Exhibits I and J).**

Petitioner Parks filed a second post-conviction petition for relief, focusing solely on the constitutionality of his sentence in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  **(Doc. 12, Exhibit K).**  Parks' second post-conviction petition was denied for a procedural misstep, as was the subsequent appeal.  **(Doc. 12, Exhibits L and N).**

<u>**Section 2254**</u>

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d)(1), habeas relief may be granted if the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" In *Williams v. Taylor*, 529 U.S. 362, 405, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Court explained that a state court decision is "contrary to" Supreme Court precedent if the "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. An unreasonable application of Supreme Court precedent occurs when "the state court unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle ... to a

3

new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." To be unreasonable, the decision of the state court must not be simply incorrect or erroneous, it must have been "objectively unreasonable." *Wiggins v. Smith*, --- U.S. ----, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

*Johnson v. Bett*, 349 F.3d 1030, 1034 (7th Cir. 2003).

## Procedural Prerequisites

As a preliminary matter, it must be understood that petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995).

### A. Exhaustion

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*; *see also* 28 U.S.C. § 2254(c). In *O'Sullivan v. Boerckel* the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case). *O'Sullivan*, 526 U.S. at 843-846.

Respondent does not contest that petitioner has exhausted all available avenues of relief through the state system, in that he is time barred from further pursuing the alleged constitutional errors in a state post-conviction proceedings. *(See* 725 ILCS 5/122-1(c)). Thus, petitioner has cleared the first procedural hurdle, exhaustion.

4

## B.  Procedural Default

Respondent contends that petitioner Parks has procedurally defaulted the  issues regarding the denial of a mistrial and the failure to disclose witness Smith's criminal record.

"[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." ***O'Sullivan,* 526 U.S. at 842.**  More to the point, the "fair presentment" doctrine requires that a petitioner give state courts a meaningful opportunity to pass upon the substance of the claims later pressed in federal court.  ***Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).**  For a constitutional claim to be fairly presented to a state court, both the operative facts and the "controlling legal principles" must be submitted.  ***Picard v. Connor*, 404 U.S. 270, 277 (1971).**  "At bottom, the task of the habeas court in adjudicating any issue of fair presentment is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." ***Verdin v. O'Leary*, 972 F.2d 1467, 1476 (7th Cir. 1992).**

A petitioner can circumvent this bar to review if she is able to demonstrate cause for her procedural error and establish prejudice resulting from that error.  ***Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999); and *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).**  Absent a specific showing of cause and prejudice, "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" ***Coleman*, 501 U.S. at 748.**  This exception requires a colorable claim of actual innocence as well as an allegation of a constitutional wrong.  ***See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (miscarriage of justice exception applies to "actual" innocence as compared**

5

to "legal" innocence).

**Analysis**

### A.  Failure to Grant a Mistrial

On direct appeal petitioner Parks did raise the issue of the trial Court's failure to grant a mistrial after prosecution witness Krysty Walton threw a wooden pointer at Parks while testifying at trial.  **(Doc. 12, Exhibit A).**  However, that issue was never actually presented to the Illinois Supreme Court because Parks' motion for leave to petition for leave to appeal out of time was denied.  **(Doc. 12, Exhibit C).**  The mistrial issue was not raised in either of Parks' post-conviction petitions; therefore, this issue has clearly been procedurally defaulted and is not subject to further review.

### B.  Failure to Disclose Grayson Smith's Felony Record

Respondent initially argues that the State's failure to inform defense counsel of Grayson Smith's prior conviction does not raise a constitutional issue.  Rather, respondent contends the State merely violated a state discovery rule.

"In general, federal courts 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" ***Aliwoli v. Gilmore*, 127 F.3d 632, 635  (7th Cir. 1997) (*citing Coleman v. Thompson*, 501 U.S. 722, 729 (1991)); s*ee also Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000).**  In order for this doctrine to apply, the last state court rendering judgment must rest its judgment on procedural default and make a plain statement that it was relying either alone, or in the alternative, on the state procedural bar.  ***Harris v. Reed*, 489 U.S. 255, 265 (1989).**  However, no procedural default occurs if the state court's alternative

finding constitutes a finding on the merits.  ***Robertson v. Hanks*, 140 F.3d 707, 709 (7th Cir. 1998).**  Although no procedural default occurs if the state court's alternative finding constitutes a finding on the merits (*Robertson v. Hanks*, 140 F.3d 707, 709 (7th Cir. 1998)), the fact that a state court addresses the merits of a petitioner's federal claim in an alternative holding does not automatically eliminate the procedural bar.  ***See Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding"); *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir.1998) ("in order to foreclose review on habeas, the state court must actually state in plain language that it is basing its decision on the state procedural default and that other grounds are reached only in the alternative").**

This Court disagrees with respondent.  Admittedly, the petition is devoid of specific federal constitutional references.  Parks premises this issue on his "right to a fair trial."  However, on direct appeal the issue was definitely tied to the federal constitutional right to due process, and *Brady v. Maryland*, 373 U.S. 83 (1963), was cited, along with *People v. Tonkin*, 492 N.E.2d 596 (Ill.App. 3rd Dist. 1986), which recognizes that the applicable Illinois discovery rule is merely the codification of *Brady v. Maryland, Giglio v. U.S.,* 405 U.S. 150 (1972), and *U.S. v. Bagley,* 473 U.S. 667 (1985).  **(*See* Doc. 12, Exhibit A, p. 7).**  If this Court is incorrect, Section 2254 would obviously preclude further review.  Even if this Court is correct in construing the issue as raising a constitutional right, as detailed below, the issue has been procedurally defaulted.

The State's failure to inform Parks' defense counsel of the prior felony conviction of prosecution witness Grayson Smith, despite a discovery request, was raised on direct appeal.

**(Doc. 12, Exhibit A).**  However, that issue was never actually presented to the Illinois Supreme Court because Parks' motion for leave to petition for leave to appeal out of time was denied. **(Doc. 12, Exhibit C).**

Although Parks' first post-conviction petition listed  failure to cross-examine Grayson Smith regarding his prior conviction at trial as an example of trial counsel's ineffectiveness, that issue is distinct from the issue Parks now raises in his Section 2254 petition.  In the Section 2254 petition Parks attacks the State, not his counsel.  The crucial difference between these two arguments is evidenced by reliance on the federal constitutional right to due process and *Brady v. Maryland*, 373 U.S. 83 (1963), on direct appeal, which is absent from Parks' briefs and the courts' analysis in post-conviction proceedings.  **(*Compare* Doc. 12, Exhibit A and Doc. 12, Exhibits E, G and H; *see also* Doc. 12, Exhibit B, pp. 1-2).**   Therefore, this issue has been procedurally defaulted and is not subject to further review.

### C.  Ineffective Assistance of Post-Conviction Counsel

Petitioner Parks argues that post-conviction counsel was ineffective, in that he failed to secure the testimony of, or an affidavit from "potentially exculpatory witness Stanly [sic] Brooks," who would have stated that he did not see Parks among the several men he witnessed leaving the crime scene.  Respondent correctly notes that Section 2254(i) precludes relief based on this issue.

> The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

**28 U.S.C. § 2254(i).**

### Other Avenues of Relief

This Court has concluded that petitioner Parks has procedurally defaulted two of the three issues raised.  A petitioner can circumvent this bar to review if he or she is able to demonstrate cause for her procedural error and establish prejudice resulting from that error. *Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999); and *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Absent a specific showing of cause and prejudice, "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman*, 501 U.S. at 748.  This exception requires a colorable claim of actual innocence as well as an allegation of a constitutional wrong. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (miscarriage of justice exception applies to "actual" innocence as compared to "legal" innocence).

Petitioner Parks has not asserted cause and prejudice for his procedural defaults, nor has he asserted his actual innocence.  Therefore, no further analysis is required.

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that petitioner Derrick Parks' Section 2254 petition for writ of habeas corpus **(Doc. 1)** be denied in all respects.

**Submitted: July 29, 2005**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

### Notice Regarding Response Period

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days after being served with a

9

copy of a Report and Recommendation to file written objections.  Accordingly, any objections to this Report and Recommendation must be filed by **August 17, 2005**.  *See* **Fed.R.Civ.P. 6(a) and (e).**

10